UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 23-10-DLB

WOODROW PRESSEY, JR.,                                                              PETITIONER

v.                          MEMORANDUM OPINION AND ORDER

MR. LeMASTER, Warden,                                                              RESPONDENT

*** *** *** ***

Woodrow Pressey is an inmate confined at the federal penitentiary in Ashland, Kentucky. Pressey has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the enhancement of his sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2). (Doc. # 1). The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Pressey's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

1

In February 2018, a federal jury in Tampa, Florida convicted Pressey of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  In May 2018, the trial court imposed a 180-month sentence pursuant to the ACCA because it concluded over Pressey's objection that he had three or more prior convictions for a "violent felony" or a "serious drug offense."  Still, the resulting sentence fell well below the applicable statutory maximum, and even below the applicable guideline range of 210-262 months imprisonment.  *United States v. Pressey*, No. 8:17-CR-435-MSS-TGW-1 (M.D. Fla. 2017).  Pressey challenged the ACCA enhancement on direct appeal, but the Eleventh Circuit Court of Appeals rejected his contentions and affirmed.  *United States v. Pressey*, No. 18-12268-GG, 2018 WL 11278350 (11th Cir. Dec. 7, 2018), *cert. denied*, 140 S. Ct. 1263 (2020).

Pressey now contends that his prior Florida conviction for aggravated assault pursuant to Fla. Stat. § 784.021(1) no longer qualifies as a "violent felony" under the ACCA because it can be committed with a *mens rea* of recklessness.  (Doc. #1 at 3-4). At the time of his sentencing, the Eleventh Circuit had held that Florida aggravated assault qualified as a "violent felony" under the ACCA.  *See Turner v. Warden, Coleman FCI*, 709 F.3d 1328, 1337-38 (11th Cir. 2013).  But Pressey contends that this is no longer so, citing *Borden v. United States*, 141 S. Ct. 1817 (2021) and *Somers v. United States*, 15 F. 4th 1049 (11th Cir. 2021).  (Doc. # 1 at 3-4).

To properly invoke Section 2241 to challenge the enhancement of his sentence, a habeas petitioner must point to a new decision of the United States Supreme Court which establishes, as a matter of statutory interpretation, that his federal sentence is excessive

because one or more of his prior convictions could not be properly used to enhance it. *Wright v. Spaulding*, 939 F.3d 695, 703, 705 (6th Cir. 2019); *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).  Further, a within-guidelines sentence imposed under the post-*Booker* advisory guidelines regime is not susceptible to collateral attack under § 2241.  *See Hueso v. Barnhart*, 948 F.3d 324, 332 (6th Cir.), *cert. denied*, 141 S. Ct. 872 (2020).  Pressey's sentence fell well below the applicable statutory maximum, and it is therefore questionable whether he may collaterally attack his sentence in this proceeding. *See Bullard v. United States*, 937 F.3d 654, 658-61 (6th Cir. 2019).  Still, he appears to otherwise satisfy the cognizability requirements of *Wright*.  The Court will therefore assume for purposes of discussion that Pressey may assert his claims in this proceeding.

In *Borden*, the United States Supreme Court held that a statute criminalizing merely reckless conduct does not require a sufficiently culpable state of mind to qualify as a "violent felony" under the "use of force" clause in the ACCA.  Instead, the underlying offense must require a *mens rea* of purposeful or knowing conduct.  *Borden*, 141 S. Ct. at 1828, 1825-29 (plurality opinion).  In *Somers*, the Eleventh Circuit considered the implications of *Borden* and held that with respect to Section 784.011 (Florida's "simple" assault statute underlying the aggravated assault statute), "the most natural reading of the first element's text requires the specific intent to threaten another person with violence." *Somers*, 15 F. 4th at 1054.  But beyond its own interpretation of the text of the state statute, the Eleventh Circuit noted "a split in Florida authority on the mens rea required by the Florida assault statutes."  The Eleventh Circuit therefore certified the question to the Florida Supreme Court.  *Id*. at 1055-56.

The Florida Supreme Court answered the certified question in November 2022. *Somers v. United States*, No. SC21-1407, 2022 WL 16984702, at *3 (Fla. Nov. 17, 2022), *reh'g denied*, No. SC21-1407, 2023 WL 192314 (Fla. Jan. 17, 2023).  That Court first noted that the question is not one merely of whether the state offense was one of "general intent" or "specific intent."  Instead, the dispositive question is (as was the issue in *Borden*), whether the state offense required the perpetrator to target or direct his conduct at a particular individual.  *Id*. at *2-3.  The Florida Supreme Court answered that question in the affirmative:

> To answer the rephrased first certified question, we need not look further than the plain language of section 784.011(1), which confirms that assault does require what the *Somers* court refers to as "specific intent" to direct action at another. The act that section 784.011(1) prohibits (when the second and third elements also exist, of course) is an intentional threat to do violence to another person.
>
> ** ** **
>
> Because we have answered the first certified question - albeit rephrased - in the affirmative, there is no need to address the second question directly, though we believe our answer to the first question essentially answers the second question anyway.  Because section 784.011(1) does require that the intentional threat to do violence be directed at or targeted towards another individual, it is "aimed in that prescribed manner" referred to by the Supreme Court in *Borden*, 141 S. Ct. at 1825, and therefore cannot be accomplished via a reckless act.  The fact that an assault cannot be committed by a reckless act under Florida law means that a violation of section 784.011(1) requires at least knowing conduct.

*Id*. at *3-4.  While the Florida Supreme Court has returned the *Somers* case to the Eleventh Circuit, no further proceedings have yet transpired.  *See Somers v. United States*, No. 19-11484-JJ (11th Cir. 2019).  However, the Florida Supreme Court's answer to the questions certified has prompted two federal district courts to hold unequivocally that aggravated assault under Florida law qualifies as a "violent felony" for purposes of

4

the ACCA. *See United States v. Fields*, No. 1:18-CR-159-HSO-RHWR-1, 2023 WL 309051, at *4 (S.D. Miss. Jan. 18, 2023) ("Because an aggravated assault conviction necessarily requires that the perpetrator committed an assault, and an assault requires a knowing act under Florida law, an aggravated assault satisfies *Borden's* mens rea requirement and counts as a predicate offense under the ACCA."); *United States v. Lee*, No. 8:18-CR-572-SDM-AEP, 2023 WL 1781648, at *4 (M.D. Fla. Feb. 6, 2023) (same). In sum, even after *Borden* Pressey's conviction for aggravated assault under Florida law qualifies as one for a "violent felony" under the ACCA because it required purposeful or knowing conduct.

Pressey also makes a passing argument that his prior Florida convictions for resisting a police officer with violence and for possession of cocaine with intent to sell were not punishable for a term exceeding one year because the sentences he actually received were for only six months in jail. (Doc. # 1 at 4). This claim fails both procedurally and substantively. Procedurally, Pressey identifies no intervening Supreme Court decision in support of his interpretation, and he therefore fails to open the door for habeas review of his argument under Section 2241. *Hill*, 836 F. 3d at 599-600. Substantively, the ACCA only requires the predicate offense to be "punishable" for a term exceeding one year. *See* 18 U.S.C. § 924(e)(2)(B). The sentence actually imposed is irrelevant. *Cf. United States v. Burchard*, 60 F.3d 829 (6th Cir. 1995) ("Because this crime is punishable by a term exceeding one year, it qualifies as a predicate violent felony unless it comes within the exception for crimes punishable by a term of imprisonment of two years or less. To determine whether a crime is punishable by a term of imprisonment of two years or less, we do not look to the actual sentence imposed but to the potential

maximum punishment under the statute."); *United States v. Keith*, 638 F.3d 851, 852-53 (8th Cir. 2011) ("Keith argues that the domestic assault is not a predicate violent felony because he served only probation. To the contrary: As the word 'punishable' makes clear, the focus of [the ACCA] definition is on the prison sentence that may be imposed under state law, 'regardless of the actual sentence imposed.'").  Pressey therefore states no viable claim for relief.

Accordingly, the Court **ORDERS** as follows:

1. Pressey's petition for a writ of habeas corpus (Doc. # 1) is **DENIED**.

2. This action is **STRICKEN** from the Court's docket.

This 10th day of February, 2023.

Signed By:
*David L. Bunning* DB
United States District Judge

L:\DATA\ORDERS\PSO Orders\0-23-10 Pressey Memorandum.docx